## Polt *v.* Polt, Appellant.

*Equity—Fraud—Mental incapacity—Parent and child.*

On a bill in equity by a father eighty years old against a son to compel the repayment of a sum of money which constituted the father's entire estate, and for which the father had given his son a check, a decree in favor of the plaintiff will not be reversed where the court below found from ample evidence and from personal observation of the plaintiff in court, that the latter at the date of the transfer lacked mental capacity to transact business, and did not comprehend the nature and consequences of his act. In such a case it is proper for the court to order that the money should be paid to a guardian of the father who had been appointed after the equity suit was instituted.

Argued Feb. 23, 1903.  Appeal, No. 238, Jan. T., 1902, by defendant, from decree of C. P. Wayne Co., May T., 1901, No. 1, on bill in equity in case of John Polt v. Joseph Polt.  Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.  Affirmed.

Bill in equity to declare a trust.

PURDY, P. J., found the following facts and conclusions of law :

### FINDINGS OF FACTS.

On September 4, 1900, the defendant obtained from the plaintiff a transfer of $1,635, from the plaintiff's account in the Wayne County Savings Bank to that of his own, by means of a check given by the plaintiff, for this amount, without consideration.

At the time of this transfer the plaintiff, then eighty years of age, was having trouble with his family, was in great mental distress, and was largely under the influence and control of his son, the defendant.

In giving the check to the defendant, the design of the plaintiff was to put the money beyond the reach of his wife, and other members of his family; and while he was not a lunatic, his mental condition was such that he did not understand the legal effect of the transaction, or that he was putting the money beyond his control, but supposed it was to be for his use as before.

This money so transferred was substantially all of the property the plaintiff owned except a lot of land which was fully covered by a judgment for $1,500, which he had confessed to the defendant but a short time before.

The money still remains to the credit of the defendant in the Wayne County Savings Bank, no other rights having intervened.

The transfer was not the intelligent and deliberate act of John Polt, the plaintiff, but was made under mental stress, without a clear understanding of its legal effect, and was an improvident disposition of his property.

## CONCLUSION OF LAW.

The defendant should be declared a trustee of the said money for the benefit of the plaintiff, the same to be paid to the plaintiff or to such person as may be legally authorized to receive it for him.

## DECREE.

This cause came on to be heard at an adjourned court held January 14, 1902, and was duly argued by counsel, and determined by the court that the said plaintiff was entitled to the relief asked for in his bill, but that the said plaintiff was not of sufficient ability to properly care for the money due him; and the exceptions of the defendant to the decision of court having been considered and dismissed, and the orphans' court of said county, upon petition for said purpose, having appointed C. C. Jadwin guardian of said plaintiff. And upon due consideration thereof, it is now, July 14, 1902, ordered, adjudged and decreed that

the said Joseph Polt, defendant, be and hereby is declared a trustee of $1,635, deposited in the Wayne County Savings Bank, on September 4, 1900, to the credit of Joseph Polt, together with the accrued interest thereon, for the benefit of said John Polt, and the said Wayne County Savings Bank is hereby ordered and directed to pay the said sum of $1,635, with the accrued interest thereon, to C. C. Jadwin, guardian of said John Polt; and that the costs of this proceeding, with reasonable counsel fees for plaintiff, be paid by said guardian from the said fund so to be received by him as aforesaid.

*Error assigned* was the decree of the court.

*H. Wilson*, with him *P. H. Iloff*, for appellant.

*F. P. Kimble* and *E. C. Mumford*, for appellee, were not heard.

PER CURIAM, March 9, 1903:

The plaintiff is an old man of eighty years. He had on deposit in the Wayne County Savings Bank $1,635. On September 4, 1900, he transferred to his son Joseph Polt, this defendant, the full amount of this deposit. It constituted his entire estate; he had not a dollar left. Besides the son, he had a wife and daughter. The court below found on ample evidence, that the old man at the date of the transfer lacked mental capacity to transact business and did not comprehend the nature and consequences of his act. Besides the evidence of witnesses, the learned judge saw the father in court and observed his appearance and conduct. In the interval between hearing and final decree, in proper proceedings a guardian was appointed for the father to take charge of his estate and then the money was ordered paid to this guardian. It is probable that the orderly procedure would have been to have had the guardian appointed first and then have instituted this proceeding in equity; but that is now unimportant. The decree is affirmed on the finding of fact by the court below.