## Deceder Estate

*George W. Lucas* and *James B. Ceris,* for petitioner. *William N. Dinsmore,* for respondent.

SOHN, J., July 20, 1950.—Albert Deceder, a son of Dennis Deceder, filed a petition for the appointment of a guardian for Dennis Deceder, alleging that Dennis Deceder is so weak-minded that he is unable to take care of his property and in consequence thereof, he has become a victim of designing persons, whereby his property is being dissipated. Heretofore, we filed an opinion and order in which we concluded that additional

evidence should be presented as to whether or not Dennis Deceder could be brought into court with safety to himself. Subsequently, by agreement of counsel for the respective parties, testimony of Dr. Samuel J. Tomassi was offered in which he expressed the opinion that Dennis Deceder could not be brought into court at this time with safety to himself.

The first matter requiring determination is whether or not the evidence supports a conclusion that Dennis Deceder is so weak in mind that he is unable to take care of his property, and in consequence thereof, has become a victim of designing persons, whereby his property is being dissipated.

It will be observed that the statute refers to the possibility of dissipating or losing property, or becoming a victim of designing persons in the future. Turning first to the question of the condition of Dennis Deceder, Dr. Samuel J. Tomassi, a physician, testified that the mental processes of Dennis Deceder are very slow; that he is not able to express himself very well. Dr. Tomassi said that he might lose his property through weakness or debility. He also expressed the opinion that Dennis Deceder might lose or dissipate his estate or become the victim of designing persons.

Dr. Albert J. W. Pearce, a physician, testified in answer to an inquiry as to whether Dennis Deceder would be able or unable to care for his property, that he did not think he could do anything. Dr. Pearce said Dennis Deceder was not able to take care of his property and in his present condition the physician did not think he would be able to attend to any affairs at all, and that anybody could take advantage of him.

Dr. B. T. Owens, a physician, said that the physical and mental condition of Dennis Deceder showed evidence of a stroke, and that he was quantitatively and qualitatively subnormal. He was deficient mentally through his strokes and arteriosclerosis. He would not

be able to take care of his property normally, and that it could be possible he would become the victim of designing persons. From the testimony referred to, we conclude as a fact that Dennis Deceder is so mentally defective that he is unable to care for his property.

The next issue in this case is whether or not a guardian should be appointed since the evidence indicates that presently Dennis Deceder has no property. The Act of May 28, 1907, P. L. 292, sec. 1, as amended by the Act of April 1, 1925, P. L. 101, sec. 1, 50 PS §941, reads as follows:

"Whenever hereafter any person, being a resident of this state, shall become insane or feeble-minded or epileptic, or so mentally defective that he or she is unable to take care of his or her property, and in consequence thereof is liable to dissipate or lose the same, and to become a victim of designing persons, it shall be lawful for either the mother, father, brother, sister, husband, wife, child, next of kin, creditor, debtor, or, in the absence of such person or persons, or their inability, any other person, to present to the court of common pleas of the county in which said person to be cared for resides, his or her petition, under oath, setting forth the facts, praying the court to adjudge such person to be unable to take care of his or her property, and to appoint a guardian for the estate of such person."

The testimony indicates that about two years prior to the hearing Dennis Deceder sold real estate situate in Aliquippa, in this county, and received therefor the sum of $11,500. Nine thousand dollars of that sum was used to purchase series E, defense savings bonds. Petitioner does not contend that Dennis Deceder now has property, but infers that because of the alleged mental condition of Dennis Deceder, he has become the victim of designing persons. It is not material to the determination of the matter now before us whether or not Dennis Deceder has become the victim of designing

persons. We presently inquire as to whether or not there is authority in the court to appoint a guardian for an alleged weak-minded person where it is admitted that he now owns no property, but recently did own property. It is contended that there is no authority under the act to appoint a guardian where there is no estate. The opinion by Judge Stock in Snyder's Estate, 9 D. & C. 278, supports this contention. In that case, however, the purpose of the appointment of a guardian was to serve the guardian in a pending divorce action. The conclusion in that case is not applicable to the situation presently before the court.

Dennis Deceder resides with his son, Matthew Deceder, and it is inferred that Matthew Deceder now has in his custody certain of the assets formerly of Dennis Deceder. A confidential relationship therefore exists between the son and the father. The burden is cast upon the son to " 'prove affirmatively that the gift was made intelligently and with a full knowledge . . . of the true character of the transaction' ": Thorndell, admx. et al. v. Munn, 298 Pa. 1, at 8.

Pa. R. C. P. 2053(a) provides: "When an incompetent is a plainttiff he shall be represented by a guardian or by a guardian ad litem who shall supervise and control the conduct of the action in his behalf." If an action relative to his property were instituted, it would be necessary for the court to appoint a guardian ad litem for Dennis Deceder. If there is cause of action under the facts in the instant case, it is incumbent upon the court in the interest of justice to provide adequate protection for one who is unable to protect himself.

In Polt v. Polt, 205 Pa. 139, plaintiff, a man 80 years of age, transferred to his son, defendant, full amount of a bank deposit which constituted his entire estate. Beside the son he had a wife and daughter. The court

found that plaintiff under the date of the transfer, indicated lack of mental capacity to transact business. The court said:

"In the interval between hearing and final decree, in proper proceedings a guardian was appointed for the father to take charge of his estate and then the money was ordered paid to this guardian. It is probable that the *orderly procedure would have been to have had the guardian appointed first* and then have instituted this proceeding in equity; but that is now unimportant. The decree is affirmed on the finding of fact by the court below." (Italics supplied.)

In Refior Case, 160 Pa. Superior Court 305, it was decided that proof that an alleged incompetent had previously executed a trust agreement purporting to irrevocably transfer all his assets to a trustee did not preclude the court from taking jurisdiction of a petition to secure appointment of a guardian on the ground that there was no estate to administer, where the purported trust was ineffective because there was no delivery of the alleged incompetent's tangible property capable of physical delivery.

Under the circumstances in this case we are of the opinion that a guardian should be appointed to determine whether or not Dennis Deceder in fact has been the victim of designing persons, or whether or not any action on behalf of Dennis Deceder should be instituted. Admittedly there are no assets to secure compensation to the guardian. The guardian will not be required to make an investigation until adequate compensation to the guardian has been assured. If an investigation is made, the guardian should not institute proceedings in his behalf unless it is satisfied that reasonable grounds exist to support a conclusion that Dennis Deceder has been a victim of designing persons and that his property has been dissipated.

*Decree*

And now, to wit, July 20, 1950, after hearing upon the proofs, the court, being satisfied that Dennis Deceder, the person against whom the above-named proceedings are begun, is so enfeebled in mind as to be unable to take care of his property and estate, and in consequence thereof is likely to lose or dissipate the same, or to become the victim of designing persons, therefore appoints the Beaver Trust Company, having its office and principal place of business at Beaver, Beaver County, Pa., and duly authorized by law to become the guardian of feeble-minded persons, guardian of the estate of Dennis Deceder under the Act of May 28, 1907, and the Act of April 1, 1925, PS §941, which corporation is not required to file a bond or put up security required by law of fiduciaries under the provisions of the Act of May 15, 1933, P. L. 624, sec. 1106, as amended.